UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICHARD A. BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3066 |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| JOSHUA ELROD, and JESSICA | ) | |
| WELLER, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint (d/e 20). For the reasons that follow, Defendant's Motion to Dismiss is ALLOWED.

I. BACKGROUND

On March 8, 2011, Plaintiff, Richard A. Bennett, filed a Complaint (d/e 1) against Defendants, Wal-Mart Stores, Inc. (Wal-Mart), Joshua Elrod, and Jessica Weller. The Complaint alleges Defendants violated

Plaintiff's rights under the Family and Medical Leave Act (FMLA) (29 U.S.C. § 2601, *et seq.*) by: (1) interfering with the exercise of Plaintiff's rights under FMLA in violation of 29 U.S.C. § 2615(a)(1), and (2) retaliating against Plaintiff based on Plaintiff's attempt to exercise his FMLA protected rights in violation of 29 U.S.C. § 2615(a)(2).

The Complaint alleges the following facts. Defendant Wal-Mart is an employer within the meaning of 29 U.S.C. § 2611(4) because Wal-Mart is a corporation employing 50 or more employees for each working day during 20 or more calender workweeks in the calender year of and previous to the events described in the Complaint. At all relevant times, Elrod was Plaintiff's supervisor and Weller was a managerial agent for Wal-Mart.

Wal-Mart hired Plaintiff on or about May 5, 2009. On March 3, 2010, Wal-Mart "approved Plaintiff for FMLA on an unscheduled basis (intermittent) due to a 'serious medical condition' within the meaning of 29 U.S.C. § 2612(d) requiring orthopedic surgery of his right knee." Also on March 3, 2010, Plaintiff's health care provider estimated that Plaintiff's condition would "flare-up" twice during the next 6 months and that Plaintiff

would need to be absent from work for 3 to 7 days per episode.

On August 10, 2010, Plaintiff informed his supervisor, Elrod, that he would probably not be at work the next day because of a flare-up of his "FMLA condition." Elrod responded, "[Y]ou better be here." Plaintiff did not appear for work the next day.

On or about August 13, 2010, Weller terminated Plaintiff's employment. Weller told Plaintiff that he was being terminated for misconduct because Plaintiff had cut the face of the time card clock with a box cutter and also cut the management photographs displayed next to the time card machine. Plaintiff denied the allegations. Weller then told Plaintiff there were two witnesses to the alleged misconduct and a surveillance camera recorded Plaintiff's alleged misconduct.

Plaintiff alleges that: (1) he was entitled to medical leave under the FMLA; (2) Wal-Mart, by and through Weller and Elrod, interfered with Plaintiff's FMLA rights and retaliated against him for exercising and attempting to exercise his rights under the FMLA; and (3) Weller and Elrod had a direct role in the termination of Plaintiff in retaliation for having

exercised his rights protected by the FMLA and are jointly and severally liable.

On April 26, 2011, Defendants filed their Motion to Dismiss in which they argued the Complaint should be dismissed pursuant to Rule 12(b)(6).

## II. JURISDICTION AND VENUE

The federal questions posed by Plaintiff's FMLA claims give this Court subject matter jurisdiction. <u>See</u> 28 U.S.C. §1331. Personal jurisdiction and venue requirements are satisfied because the relevant acts occurred in this judicial district. <u>See</u> <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980) (personal jurisdiction exists where a defendant "purposefully avail[ed] [himself or herself] of the privilege of conducting activities" in the forum state); <u>see</u> 28 U.S.C. §1391(b) (venue in non-diversity cases is proper in a judicial district where any defendant resides, if all defendants reside in the same State).

## III. ANALYSIS

### A. Legal Standard

Under Rule 12(b)(6), dismissal is proper where a complaint fails to

state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). To state a claim upon which relief can be granted, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929, 940 (2007). This means that: (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). While detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965, 167 L.Ed.2d at 940. Conclusory allegations are "not entitled to be assumed true." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868, 885 (2009) (citing

Twombly, 550 U.S. 544 (2007)). "In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009) (citing Tamayo, 526 F.3d at 1081).

## B. Plaintiff's FMLA Claims

"The FMLA entitles any eligible employee suffering from a serious health condition that renders him unable to perform the functions of his position to [12] workweeks of leave during each [12]-month period." Burnett v. LFW Inc., 472 F.3d 471, 477 (7th Cir. 2006) (citing 29 U.S.C. § 2612(a)(1)(D)). The FMLA makes it unlawful for an employer to: (1) interfere with an employee's attempt to exercise his rights provided under the FMLA (29 U.S.C. § 2615(a)(1)), and (2) retaliate against an employee who exercises his rights under the FMLA ((29 U.S.C. § 2615(a)(2)). Burnett, 472 F.3d at 477. Therefore, the FMLA contemplates claims under theories of interference and retaliation. Burnett, 472 F.3d at 477. Defendants argue that Plaintiff's Complaint fails to allege facts that can prove either interference or retaliation.

1. Plaintiff's FMLA Interference Claim

An employer is prohibited from interfering with an eligible employee's exercise or attempt to exercise a right under the FMLA. 29 U.S.C. § 2615(a)(1). To prevail on an FMLA interference claim, Plaintiff must establish: (1) he was eligible for the FMLA's protections; (2) his employer was covered by the FMLA; (3) he was entitled to leave under the FMLA; (4) he provided sufficient notice of his intent to take leave; and (5) his employer denied him FMLA benefits to which he was entitled. Caskey v. Colgate-Palmolive Co., 535 F.3d 585, 590 (7th Cir. 2008).

Defendants contend Plaintiff's FMLA interference claim fails to state a claim because Plaintiff fails to: (1) allege that he is an "eligible employee" under the FMLA, and (2) plead that he was denied any rights to which he was entitled under the FMLA.

An "eligible employee" is "an employee who has been employed ... for at least 12 months by the employer" and who has "at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). While Plaintiff has sufficiently alleged that he worked

for Wal-Mart for the requisite 12 months, he has not alleged he worked for Wal-Mart for at least 1,250 hours during the previous 12-month period. Contrary to Defendants' assertion, the fact Plaintiff made his request for FMLA leave before he had worked for Wal-Mart for 12 months is not a tacit admission that he was not an eligible employee. The determination of Plaintiff's eligibility for FMLA leave is determined on the date FMLA leave starts, not on the date an employee makes a request for future leave. See 29 C.F.R. § 825.110(d) ("The determination of whether an employee has worked for the employer for at least 1,250 hours in the past 12 months and has been employed by the employer for a total of at least 12 months must be made as of the date the FMLA leave is to start.").

Moreover, the FMLA's protections prohibit the firing of an employee who is ineligible for FMLA leave for his intention to take leave once he becomes eligible. Reynolds v. Inter-Industry Conference on Auto Collision Repair, 594 F. Supp. 2d. 925, 928-29(N.D. Ill. 2009). Here, Plaintiff alleges he attempted to take FMLA leave in August 2010, more than 12 months after the beginning of his employment with Wal-Mart.

Nevertheless, the Complaint does not allege Plaintiff worked 1,250 hours or more in the 12 months before the questioned leave. Therefore, Plaintiff has failed to allege he is an eligible employee and his claim does not present a case under the FMLA. See Blidy v. Examination Management Services, Inc., No. 96 C 3553, 1996 WL 568786, at *3 (N.D. Ill. 1996) (dismissing complaint that did not allege the plaintiff worked 1,250 hours or more in the year before the questioned leave on grounds that the complaint failed to allege the plaintiff was an "eligible employee" under the FMLA); see also Spurlock v. NYNEX, 949 F.Supp. 1022, 1033 (W.D. N.Y. 1996) (granting a motion to dismiss for failure to state a claim because the complaint, among other deficiencies, failed to allege the plaintiff had worked at least 1,250 hours in the 12 months preceding the leave); Thurston v. Borden Waste-Away Service, Inc., No. 3:96-CV-674RP, 1998 WL 456441, at *14 (N.D. Ind. 1998) (finding the plaintiff failed to allege the defendant was an "employer" within the meaning of the FMLA because the complaint indicated nothing about the numbers of employees who were employed for each workday during the statutory period); but cf. Collins v. Midwest

Medical Records Ass'n, No. 07-CV-437, 2007 WL 7166826, at *2 (E.D. Wis. 2007) (rejecting claim that failure to specifically allege that the employer employed 50 or more employees within 75 miles of the plaintiff employee's worksite[1] warranted dismissal).

   2. Plaintiff's FMLA Retaliation Claim

Defendants contend Plaintiff's retaliation claim should be dismissed because Plaintiff fails to: (1) allege he is an eligible employee under the FMLA; and (2) plead any facts from which it can plausibly be inferred that Defendants terminated his employment in retaliation for the exercise or the attempt to exercise rights under the FMLA.

Section 2615(a)(2) of the FMLA prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against any individual for opposing any practice made unlawful by [the FMLA]." 29 U.S.C. § 2615(a)(2). However, "[a]s with FMLA interference claims, a plaintiff alleging a FMLA retaliation claim must establish that [he] was eligible for

---

[1] Any employee of an employer who is employed at a worksite at which the employer employs less than 50 employees is excluded from the definition of "eligible employee" if the total number of employees employed by that employer within 75 miles of that worksite is less than 50. 29 U.S.C. § 2611(2)(B)(ii).

FMLA leave in the first instance." Danek v. County of Cook, No. 10 C 5505, 2011 WL 62130, at *2 (N.D. Ill. 2011) (citing Daugherty v. Wabash Ctr., Inc., 577 F.3d 747, 750 (7th Cir. 2009) ("To show a violation of FMLA rights, plaintiffs must show that they are eligible for FMLA protection")); see also Long v. Teachers' Ret. Sys. of Ill., 585 F.3d 344, 350 (7th Cir. 2009) ("An employer cannot retaliate if there is nothing for it to retaliate against.") (citation omitted). As stated above, Plaintiff has not alleged facts showing he was an "eligible employee." Therefore, his FMLA retaliation claim must also be dismissed.

### 3. Equitable Estoppel

The Seventh Circuit has stated that equitable estoppel might, "in an appropriate case," be applied to block an employer from asserting an available statutory defense to an FMLA action. Dormeyer v. Comerica Bank- Illinois, 223 F. 3d 579, 582 (7th Cir. 2000). In his Memorandum in Response to Motion to Dismiss (d/e 22), Plaintiff states "in any event, equitable estoppel could be applied against the Defendants[,]" but he does not explain why. This is the extent of Plaintiff's discussion of equitable

estoppel. Plaintiff appears to be arguing that Wal-Mart should be equitably estopped from asserting the "ineligible employee" defense to his FMLA claims because they allegedly approved his request for FMLA in March 2010. However, Plaintiff makes no attempt to establish equitable estoppel, the traditional elements of which "are: (1) misrepresentation by the party against whom estoppel is asserted; (2) reasonable reliance on that misrepresentation by the party asserting estoppel; and (3) detriment to the party asserting estoppel." Kennedy v. United States, 965 F.2d 413, 417 (7th Cir. 1992). Simply stating that equitable estoppel may apply does not satisfy Local Rule 7.1(B)(2) which requires a party's response to a motion filed pursuant to Local Rule 7.1(B)(1) to include a statement of the specific points or propositions of law and supporting authorities upon which the responding party relies.

## III. CONCLUSION

THEREFORE, Defendant's Motion to Dismiss (d/e 20) is ALLOWED. Plaintiff is given leave to file an amended complaint on or before June 15, 2011. If Plaintiff does not file an amended complaint on or

before June 15, 2011, this case will be closed.

IT IS SO ORDERED.

ENTER: May 19, 2011.

    FOR THE COURT:

                                <u>s/ Sue E. Myerscough</u>
                                SUE E. MYERSCOUGH
                                United States District Judge